Martin v. The State.

the remainder may have been yet to be performed or discharged by the delivery or conveyance of other property, or in some other supposable manner. The rule is, and has been repeatedly declared, that the general verdict shall not be controlled by the answers to interrogatories, if reconcilable therewith upon any supposable state of facts provable under the pleadings and issues in the case.

Counsel for the appellant insist, however, that the decree should have gone against him for the sum of $41.50 only, that is to say, for the amount of the purchase-money found to have been unpaid when he received notice of the plaintiff's right to a lien. This position is overthrown by what we have already said ; but, if it were conceded that the lien of the plaintiff should have been enforced for that sum only against the land in the hands of the appellant, the proper steps were not taken to save and present the question. The appellant took no exception to the decree as rendered, and made no motion for a modification. To the extent of said sum of $41.50 at least the decree was right, and it was erroneous, if at all, only in declaring the lien for a greater sum. The appellant should have excepted to the amount of the decree as too great, or should have moved for a reduction of the amount to the proper sum, and saved an exception to the ruling on that motion if adverse.

The judgment of the circuit court is affirmed, with costs.

———•••———

No. 9337.

MARTIN v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Supreme Court.*—*Practice.*—Where an indictment is apparently good, and no objection thereto is pointed out, the Supreme Court will not consider assignments of error based on the overruling of a motion to quash such indictment, or the overruling of a motion in arrest of judgment.

From the Cass Circuit Court.

*J. W. McGreevy*, for appellant.

*D. P. Baldwin*, Attorney General, and *E. S. Daniels*, Prosecuting Attorney, for the State.

WORDEN, J.—The appellant was indicted in the court below for an assault and battery upon Zenas S. Barnett, with intent then and there, thereby, purposely, feloniously and with premeditated malice, to kill and murder the said Barnett. On trial the defendant was convicted, and he was adjudged to pay a fine of $25 and to be imprisoned in the state-prison for the period of four years.

The following errors are assigned:

"1st. The court erred in overruling the appellant's motion to quash the indictment herein.

"2d. The court erred in overruling the appellant's motion for a new trial.

"3d. The court erred in overruling appellant's motion in arrest of judgment."

The indictment seems to us to have been good, and, as no objection to it has been pointed out, we need not take any further notice of the first and third assignments of error. The only ground upon which it is urged that a new trial should have been granted is that the evidence was not sufficient to sustain the verdict. We have examined the evidence carefully, and have concluded that the case is not one that calls for the interference of this court.

The judgment below is affirmed, with costs.